**Carmen Michael La BRUNO, Plaintiff,**

v.

**William FAUVER, et al., Defendants.**

Civ. A. No. 83–2532.

United States District Court,
D. New Jersey.

Aug. 22, 1985.

**44**

Peter A. Efros, Red Bank, N.J., for plaintiff.

Laurie M. Hodian, Deputy Atty. Gen., Trenton, N.J., for defendants.

BISSELL, District Judge.

The present lawsuit arises out of a Complaint filed by Carmen Michael La Bruno charging defendants with transgressions of his constitutional rights protected by the Eighth and Fourteenth Amendments to the United States Constitution. Defendants named in this action are Elijah Tard, Jr., Superintendent of Trenton State Prison, William Fauver, Commissioner of New Jersey Department of Corrections, and Gary J. Hilton, Superintendent of Trenton State Prison. All are being sued individually and in their official capacity. Plaintiff seeks declaratory and injunctive relief together with compensatory damages. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343.

■ The matter is currently before the Court on defendants' motion to dismiss the complaint for insufficiency of service of process, or alternatively, for failure to state a claim upon which relief can be granted. The facts relevant to the motion are as follows. Plaintiff filed his Complaint on July 5, 1983. A Summons was issued and transmitted to the U.S. Marshal at that time. However, that Summons was returned unexecuted on February 29, 1984, with the Marshal's notation: "RETURNED UNEXECUTED. REQUEST FOR USM— 285 NOT RETURNED." However, there appears in the official file of our Clerk, a completed Form USM—285, dated June 28, 1983, signed by plaintiff, accompanied by five copies of the Complaint, indicating that three parties were to be served. Whatever the reason service of the 1983 Summons was not effectuated, plaintiff, then a *pro se,* has demonstrated reasonable efforts as a layman to effectuate service by the U.S. Marshal.

Service of the Summons and Complaint was not formally accomplished until July, 1984 when this problem surfaced upon the Call for Dismissal of the action pursuant to General Rule 30 of this Court. At that time, Peter A. Efros, Esquire, entered an appearance for plaintiff.

Rule 4(j) of the Federal Rules of Civil Procedure states:

**(j) Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

■ For the reasons set forth above, regarding the issuance of the 1983 Summons and the execution by plaintiff of the required Form USM—285, this Court determined that plaintiff has shown good cause for the failure of service of the 1983 Summons. Plaintiff appears to have taken the steps which he might reasonably expect to have been appropriate in order to provide for the issuance and service of that 1983 Summons. Review of this file does not demonstrate that plaintiff actually failed to do any act required of him at that time. Of course, by the time of the Marshal's return of the Summons unexecuted, the 120 day period set forth in Rule 4(j) had already expired; accordingly, plaintiff could not have been expected to cure any alleged deficiency on his part within said time period.

The Complaint raises allegations regarding potential deliberate indifference to plaintiff's serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Whether or not plaintiff will ultimately sustain his position on the merits of this claim, this matter should not be dismissed under Rule 4(j).

Defendants' motion to dismiss this action for failure to state a claim upon which

relief can be granted under Rule 12(b)(6), for reasons set forth at Point II of their Brief, is also denied without prejudice to the defendants moving for summary judgment on that or other grounds at the conclusion of all discovery.